UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
JOHN R. WADE, III,              )
                                )
                  Appellant,    )
                                )
         v.                     )          CIVIL ACTION
                                )          NO. 24-10495-WGY
CRAIG R. JALBERT, Trustee of    )
The TriWire Engineering         )
Solutions, Inc. Creditor Trust, )
                                )
                  Appellee.     )
_____)
```

YOUNG, D.J.                                    March 25, 2025

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

In the context of bankruptcy proceedings, as in federal court proceedings generally, "[s]ettlement agreements are favored by courts in the First Circuit and elsewhere," and are "a preferred alternative to costly, time-consuming litigation." In re Manuel Mediavilla, Inc., 568 B.R. 551, 567 (B.A.P. 1st Cir. 2017) (quoting Mathewson Corp. v. Allied Marine Indus., Inc., 827 F.2d 850, 852 (1st Cir. 1987)). While settlement is always voluntary, once parties come to a meeting of the minds in settlement of their disputes, they are bound by that settlement.

"Thus, a party to a settlement agreement may seek to enforce the agreement's terms when the other party refuses to comply."[1]  Id.

This bankruptcy appeal arises from an unsuccessful attempt to unwind a settlement agreement between the Appellant John R. Wade, III ("Wade") and the Appellee Craig R. Jalbert, Trustee of The Triwire Engineering Solutions, Inc. Creditor Trust (the "Trustee").  For the reasons stated below, the Bankruptcy Court's thoughtful December 29, 2023 Order, Doc. No. 494 (as amended by its Order on January 12, 2024, Doc. No. 497) (Panos, Bankr. J.) (the "Enforcement Order"), summarily enforcing the parties' settlement agreement, is AFFIRMED.[2]  Its subsequent February 20, 2024 Order, Doc. 520, and February 20, 2024 Order, Doc. No. 522, are therefore also each AFFIRMED, substantially for the reasons set forth in the Trustee's brief, where the appeal relies solely upon the enforceability of the Enforcement Order.  See Br. Appellee Jalbert 22-25, ECF No. 7.  The appeal is therefore DISMISSED, with costs assessed against Wade.

---

[1] This Court in managing its own docket often reminds the parties in the course of litigation that a simple telephone call to the Courtroom Deputy Clerk is all that is necessary to resolve a matter, but never to make that call unless the matter is truly settled, to avoid the settlement's becoming a litigation within a litigation.

[2] References to "Doc. No. ___" herein refer to the Bankruptcy Court docket in In Re Tri-Wire Engineering Solutions, Inc., Case No. 21-11322; references to "ECF No. ___" herein refer to the docket in the instant bankruptcy appeal.

## II.  BACKGROUND

The underlying facts of the bankruptcy proceedings in this matter are not at issue.  Rather, this appeal arises from the Bankruptcy Court's findings and rulings that Wade and the Trustee entered into a binding settlement agreement disposing of those proceedings and related litigation in federal court.  The Bankruptcy Court made its rulings on the pleadings in the record as the parties waived an evidentiary hearing.  Enforcement Order 1-2, R. at 193-94, ECF No. 4-2.[3]

The Bankruptcy Court found that a

> preponderance of the evidence and reasonable inferences therefrom support a finding that, through counsel, Wade agreed to the material terms of a settlement for $1.5 million in exchange for mutual releases that included a release from the [Debtor's Employee Stock Ownership Trust ("ESOP")]. . . . [T]he parties did not agree on whether the settlement payment should be paid into escrow pending a final order and the specifics of how the release of the ESOP would be authorized, but contrary to Wade's assertions [the Bankruptcy Court did] not find those to be essential terms of the settlement.

Enforcement Order 4-5, R. at 196-97.  The Bankruptcy Court recognized that while

> there is a strong presumption that parties do not intend to be bound until execution of a final integrated agreement . . . without evidence to the contrary, that presumption [was] overcome here.  Each party's counsel acted in a manner consistent with the fact that their client had reached agreement on the material terms of a deal.

---

[3] The Record is referred to as "R. ___," ECF No. 4-2.

[3]

Enforcement Order 5-6, R. at 197-98.  Furthermore, while "[i]t is true that each party conveyed a reservation of rights, . . . in each case the reservation was directed to the language of the draft settlement agreement and comments thereto."  Enforcement Order 6, R. at 198.  "Wade did not submit any affidavit or other evidence controverting [the Trustee's counsel's] statement that the Trustee accepted Wade's offer and Wade's counsel responded positively.  The subsequent exchanges and drafts are consistent with this inference."  Enforcement Order 5, R. at 197.

The Bankruptcy Court determined that "from the undisputed sequence of events, communications between counsel, and documents exchanged that, through counsel, there was a meeting of the minds and an agreement between Wade and the Trustee." Enforcement Order 4-5, R. at 196-97.

The Bankruptcy Court denied Wade's motion for reconsideration, and approved the settlement after a further hearing on February 20, 2024.  See Orders, Doc. Nos. 520, 522. Wade appeals from all of the above Bankruptcy Court Orders.

**III. ANALYSIS**

**A.   Standard of Review for Bankruptcy Appeals**

"Bankruptcy appeals under 28 U.S.C. § 158 are reviewed under traditional appellate standards of review.  The district court reviews the underlying findings of fact under the deferential standard for clear error."  In re Gianasmidis, 318

[4]

F. Supp. 3d 442, 449 (D. Mass. 2018) (citing <u>Monarch Life Ins.</u> <u>Co.</u> v. <u>Ropes & Gray</u>, 65 F.3d 973, 978 (1st Cir. 1995)). "A finding of fact is only clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>In re Stewart</u>, 948 F.3d 509, 519 (1st Cir. 2020) (cleaned up). "[The Court] applies de novo review to conclusions of law, and the abuse of discretion standard to matters left to the Bankruptcy Court's discretion." <u>In re Gianasmidis</u>, 318 F. Supp. 3d at 449. A bankruptcy court's resolution of mixed questions of law and fact is reviewed for clear error, unless its analysis was "infected by legal error." <u>Williams</u> v. <u>Poulos</u>, 11 F.3d 271, 278 (1st Cir. 1993); <u>accord</u> <u>In re Cumberland Farms, Inc.</u>, 284 F.3d 216, 225 (1st Cir. 2002); <u>In re Catton</u>, 542 B.R. 33, 36 (Bankr. D. Mass. 2015) (Sorokin, J.).

### B. The Bankruptcy Court's Findings of Fact and Rulings of Law Are Sound and Its Orders Are Affirmed

The Bankruptcy Court's findings and rulings were within the appropriate legal standards. Accordingly, the Bankruptcy's Court's Enforcement Order is affirmed. After careful review of the record, the Bankruptcy Court's Order, and the parties' submissions, the Court rules that the Bankruptcy Court's findings of fact do not constitute clear error. Quite the opposite: the evidence fully supports that Wade's counsel and

the Trustee's counsel were each authorized to settle the matter, and through their actions came to a meeting of the minds and bound their respective clients to the material terms of the settlement agreement. Indeed, while Wade in response to the Enforcement Order claimed that his counsel was not authorized in his motion for reconsideration, Aff. John Wade ¶ 1, Doc. 498-1, none of his counsel have submitted evidence that corroborated this statement or countered the Trustee's evidence. In fact, tellingly, none of Wade's former counsel submitted any evidence at all. It is apparent that the Bankruptcy Court credited the evidence submitted by the Trustee in its Enforcement Order, as was its prerogative as the finder of fact. Likewise, the Bankruptcy Court apparently did not credit Wade's self-serving affidavit on reconsideration inasmuch as the motion was denied.

Finally, the reservation of rights was, as the Bankruptcy Court determined, only with respect to the draft agreement and comments, not whether to be bound by the material terms of the settlement agreement.

Once the Bankruptcy Court found facts, the legal rulings flowing from them are straight-forward and sound. To form an enforceable settlement agreement there needs to be: "(1) terms sufficiently complete and definite, and (2) a present intent of the parties at the time of formation to be bound by those terms." Targus Group Intl., Inc. v. Sherman, 76 Mass. App. Ct.

421, 428 (2010).  Determining whether all material terms were agreed upon is a question of law reviewed de novo.  In re Cumberland Farms, 284 F.3d at 225; Duff v. McKay, 89 Mass. App. Ct. 538, 544 (2016) ("[Deciding] whether the parties agreed on all material terms is treated as a question of law [that courts] review de novo.").

The Bankruptcy Court correctly determined that the parties came to a meeting of the minds as to the essential material terms of the settlement agreement: the exchange of money for a release.  In particular, Wade's counsel, through his actions and words, bound Wade to a settlement agreement comprising payment of $1,500,000 in exchange for mutual releases.  To be sure, timing certainly can be a material term; however, the Bankruptcy Court found facts on this record that ultimately support a legal conclusion that the timing was not a material term.  See McKay, 89 Mass. App. Ct. at 546 ("A specific deadline by which full payment of the settlement would be due [is] not a material term.").  As the Bankruptcy Court found and ruled, the parties were still discussing the time and method of payment at the time of the agreement; nevertheless, this was not a material term. Enforcement Order 4. R. at 196.  This Court does not detect any clear error with respect to the facts that form the basis of the Bankruptcy Court's resultant legal analysis that, all of the elements having been met, as matter of law, an enforceable

settlement agreement existed, and was summarily enforceable.

Id. at 4-6.

IV.  **CONCLUSION**

Wade is bound by the settlement agreement with the Trustee.

For the aforementioned reasons, the Bankruptcy Court's Orders

are AFFIRMED.  Wade's appeal is DISMISSED with costs awarded to

the Trustee.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[4]

---

[4] This is how my predecessor, Peleg Sprague (D. Mass 1841-
1865), would sign official documents.  Now that I'm a Senior
District Judge I adopt this format in honor of all the judicial
colleagues, state and federal, with whom I have had the
privilege to serve over the past 47 years.